IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALLATIN FUELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 02CV2116 |
| ) | |
| WESTCHESTER FIRE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

  On March 28, 2006, I entered judgment in the above-captioned case in favor of Plaintiff in the amount of $1.325 million on Plaintiff's breach of contract claim and $4.5 million in the form of punitive damages on Plaintiff's bad faith claim. (Docket No. 233).

  Pending is Defendant Westchester Fire Insurance Company's Motion for Stay of Execution of Judgment (Docket No. 246) and Brief in Support (Docket No. 247). Plaintiff has filed a Brief in Opposition to Defendant's Motion. (Docket No. 249). For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

  Defendant first suggests that a stay of execution of judgment without entry of a bond is appropriate because Federal Rule of Civil Procedure 69(a) provides that the process to enforce a judgment for the payment of money "shall be a writ of

execution," which "shall be in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. 69(a). Defendant argues that under Pennsylvania practice, there can be no execution until after the disposition of post-trial motions, and, therefore, that execution cannot begin in this case until post-trial motions have been resolved. Def.'s Br. at 2. This argument is without merit. "[U]nder Pennsylvania practice, there is no judgment until <u>after</u> the disposition of the new trial motions, and there being no judgment there can be no execution." <u>Marcelletti & Son Constr. Co. v. Millcreek Twp. Sewer Auth.</u>, 313 F. Supp. 920, 925 (W.D. Pa. 1970) (emphasis added). In federal court, however, "the judgment is entered forthwith and pendency of the motion for new trial does not prevent the judgment from becoming final and does not prevent the issuance of execution." <u>Id.</u>; <u>see also</u> 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3013 n.9 (2d ed. 1997) ("In the absence of a stay pursuant to Rule 62(b), execution can issue while a motion for new trial is pending, even though under state practice there is no judgment, and thus can be no execution, until motions for a new trial have been disposed of.").[1]

The proper vehicle for a stay of execution of the judgment, under which Defendant also moves, is Rule 62(b) of the Federal Rules of Civil Procedure. Rule 62(b)

---

[1] Defendant also argues that a stay of execution is appropriate because "the judgment is not final as it is the subject of the further evidentiary hearing ordered by the Court to be held on May 31, 2006." Def.'s Br. at 3. I disagree. Defendant has not cited any authority in support of the proposition that the judgment entered on March 28, 2006 is not final for purposes of execution simply because a motion for fees and interest is pending. Moreover, the Federal Rules of Civil Procedure provide that entry of judgment may not be delayed in order to tax costs or award fees. Fed. R. Civ. P. 58(c)(1). In addition, the outcome of the motion for fees and interest will not affect the contract or punitive damages award.

provides:

> In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment in accordance with a motion for a directed verdict made pursuant to Rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b).

Fed. R. Civ. P. 62(b).[2] Defendant has filed post-trial motions pursuant to Federal Rules of Civil Procedure 50 and 59. Defendant seeks a Rule 62(b) stay of execution pending resolution of any such motions.

Plaintiff does not oppose the entry of an order staying execution pending the disposition of appropriate post-judgment motions pursuant to Rule 62(b), on the condition that Defendant posts adequate security. Defendant seeks a stay of execution without entry of a bond. I agree with Plaintiff that, in this case, a stay of execution pending resolution of any post-judgment motions under Rule 62(b) is appropriate only if adequate security is posted.

Rule 62 "taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing post-trial motions." Kinnel v. Mid-Atlantic Mausoleums, Inc., Civ. A. No. 86-6634, 1987 WL 14507, at *4 (E.D. Pa. July 24, 1987) (citing Marcelletti & Sons, 313 F. Supp. at 928), rev'd on other grounds, 850

---

[2] Under Federal Rule of Civil Procedure 62(a), execution of the judgment is automatically stayed for ten days following its entry. Following the expiration of the initial 10-day period, Rule 62(b) applies.

F.2d 958 (3d Cir. 1988). In deciding whether to order an unsecured stay, the court should consider the movant's justification for granting a stay without security, as well as the movant's financial position, including whether the movant has shown whether posting a bond or otherwise providing adequate security is impossible or impractical. See id. (quoting Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 214 (D.S.C. 1984)); Frankel v. ICD Holdings S.A., 168 F.R.D. 19, 22 (S.D.N.Y. 1996).

Here, Defendant has failed to demonstrate (and, indeed, does not even argue) that it is unable to obtain a bond or otherwise provide adequate security. Rather, Defendant's position is that an unsecured stay is justified because the trial evidence shows the solvency and ability of Defendant to satisfy the judgment, thereby safeguarding Plaintiff's interest in securing the judgment. Def.'s Br. at 3. As Plaintiff notes, however, the financial statement Defendant provided at trial was for the year 2004. Defendant's motion papers do not provide any additional documentation of Defendant's current net worth, nor any evidence that any of Defendant's assets have been secured in any way for payment of the judgment. Because Defendant has not offered proof sufficient to convince me that its assets will continue to be sufficient to pay the judgment if its post-judgment motions are unsuccessful, I disagree with Defendant's argument that a bond is unnecessary because Defendant is "good for" the judgment. If anything, Defendant's alleged financial position is such that Defendant should have no difficulty posting adequate security.

In short, I find that, under the circumstances of this case, it would be unfair to Plaintiff to grant a stay of execution without requiring Defendant to post a bond.

Therefore, Defendant's Motion for Stay is granted on the condition that Defendant post a bond in the amount of $5.825 million (the amount of the judgment)[3], within two business days of the date of this Order. Defendant's Motion is denied in all other respects.

---

[3] I find that a bond in any lesser amount would not be adequate security in this case. See, e.g., Callaway Golf Co. v. Slazenger, No. Civ. A. 01-669 KAJ, 2005 WL 3656937, at *1 (D. Del. Feb. 25, 2005) (requiring bond in the full amount of the judgment); Frankel, 168 F.R.D. at 22 (requiring bond with sufficient surety for 110 percent of the principal amount of judgment); Int'l Wood Processors, 102 F.R.D. at 215 & n.2 (bond in the amount of judgment plus interest).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALLATIN FUELS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  02CV2116 |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) |
| | ) |
|       Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **12th** day of April, 2006, after careful consideration and for the reasons set forth in the accompanying Opinion, it is Ordered that the Defendant's Motion for Stay of Execution of Judgment (Docket No. 246) is granted in part and denied in part.  To the extent the Motion seeks a stay of execution of judgment pursuant to Federal Rule of Civil Procedure 62(b) pending the disposition of any post-judgment motions listed in Rule 62(b), the Motion is granted on the condition that Defendant post a bond in the amount of $5,825,000 within two (2) business days of the date of this Order.  Defendant's Motion is denied in all other respects.

                                                BY THE COURT:


                                        /S/   Donetta W. Ambrose

                                        Donetta W. Ambrose,
                                        Chief U. S. District Judge