IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALLATIN FUELS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 02-2116 |
| | ) |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

## SYNOPSIS

Pending is Plaintiff's Motion for Fees and Interest Pursuant to 42 Pa. C.S.A. § 8371 and Order of Court Filed January 13, 2006. (Docket No. 214). Defendant has filed a Response and a Brief in Support of its Response. (Docket Nos. 224-225). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, the Motion is granted.

### I. BACKGROUND

The factual and procedural details of this case are well known to the parties, and I need not repeat them in detail here. In short, Plaintiff, Gallatin Fuels, Inc. ("Plaintiff" or "Gallatin"), filed this suit seeking payment under an insurance policy issued by Defendant Westchester Fire Insurance Company ("Defendant" or "Westchester") to Mon View Mining Corporation ("Mon View") for mining equipment

that was destroyed or rendered unrecoverable on April 8, 2002, after the mine in which it was being used returned to its natural water level after the power to the mine was shut off after Mon View failed to pay outstanding utility bills. Gallatin was named as a loss payee under the policy. Gallatin also alleged that Westchester's actions constituted bad faith in violation of 42 Pa. Cons. Stat. Ann. § 8371.

A jury trial began in this case on February 6, 2006 and concluded on February 21, 2006. At the conclusion of the trial, the jury returned a verdict in favor of Gallatin on both counts. With respect to Gallatin's bad-faith claim under § 8371, the jury found that Defendant lacked a reasonable basis for denying Gallatin benefits under the policy and that Defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. The jury awarded Gallatin a net total of $1.325 million on its claim for payment under the insurance policy and awarded Gallatin $20 million in punitive damages on the bad faith claim.[1] On March 28, 2006, I granted Defendant's pre-judgment motion challenging Gallatin's punitive damages award and entered an Order reducing that award to $4.5 million because the original award was unconstitutionally excessive. See Docket No. 233. In accordance with the jury's verdict and my March 28, 2006 Order, I entered judgment in favor of Plaintiff on that same date in the amount of $1.325 million on the contract claim and $4.5 million on the bad faith claim in the form of punitive damages. See Docket No. 237.

On March 3, 2006, Gallatin filed a Motion seeking an award to recover its

---

[1] The jury awarded Gallatin $1.925 million (the maximum available under the policy) on its contract claim, but found that Gallatin's damages should be reduced by $600,000 because Gallatin did not adequately mitigate its damages. In accordance with this finding, I deducted $600,000 from the $1.925 million Gallatin was entitled to recover under the policy, for a net result of $1.325 million.

2

attorneys' fees, litigation costs, and interest pursuant to 42 Pa. Cons. Stat. Ann. § 8371.  See Docket No. 214.  Defendant filed papers opposing Gallatin's Motion. (Docket Nos. 224, 225).  After Defendant filed its opposition, Gallatin filed a Brief in Support of its Motion.  (Docket No. 241).

Initially, a hearing was scheduled for May 31, 2006 regarding Gallatin's Motion. On May 4, 2006, however, the parties filed a Stipulation on Plaintiff's Request for Attorneys' Fees and Costs. (Docket No. 259).  In the Stipulation, the parties agreed to stipulate that "in the event that this Court determines that an award of attorneys' fees and costs under Section 8371 is appropriate, that the amount of such award be $1,100,000." Id.  The parties, however, reserved their arguments as to whether or not Gallatin is entitled to an award of attorneys' fees in the first instance.  The parties also were unable to reach an agreement as to Gallatin's request for interest under § 8371.  See id.

In short, the only issues remaining before me are (1) whether Gallatin is entitled to any attorneys' fees under § 8371; and (2) whether Gallatin is entitled to an award of interest under § 8371 and, if so, in what amount.[2]  These issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Attorneys' Fees and Costs

42 Pa. Cons. Stat. Ann § 8371 provides as follows:

---

[2] The parties have represented to the Court that a hearing is unnecessary on these remaining issues.

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> >
> > (2) Award punitive damages against the insurer.
> >
> > (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371.

Although a trial court may assess attorneys' fees, costs, and interest against an insured upon a finding of bad faith, it is not required to award such amounts. Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 534 (3d Cir. 1997). Rather, the decision whether to assess attorneys' fees, costs, and interest in a § 8371 action is wholly within the discretion of the trial court. Id.

Here, the parties disagree as to whether I should award Gallatin attorneys' fees under § 8371. Defendant argues that I should not award attorneys' fees in light of the substantial damages already awarded in this case. In Defendant's view, the compensatory and punitive damages award made Gallatin more than "completely whole," and, therefore, an award of attorneys' fees is unwarranted. Def.'s Br. (Docket No. 225) at 1-4. Gallatin responds that punitive damages and attorneys' fees awards serve different functions and that both are necessary in this action to make Gallatin whole.

Although Defendant is correct that a fee award under § 8371 is discretionary,

I agree with Gallatin that an award of attorneys' fees and costs is appropriate and essential to make Gallatin completely whole in this case. The purpose of an attorneys' fees award under § 8371 is "to compensate the plaintiff for having to pay an attorney to get that to which [the plaintiff was] contractually entitled. Along with interest, costs and delay damages, the object of an attorney fee award is to make the successful plaintiff completely whole." Polselli, 126 F.3d at 531 (quoting Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 236 (3d Cir. 1997)). Punitive damages, on the other hand, "are awarded to punish the defendant for its bad faith in failing to do that which it was contractually obligated to do." Klinger, 115 F.3d at 236. As the Court of Appeals for the Third Circuit explained in Klinger:

> The obvious design of the Pennsylvania statute is, first, to place [plainitffs] in the same economic position they would have been in had the insurer performed as it promised, by awarding attorney's fees as additional damages; and second, to punish [the insurer] for giving primacy to its own self-interest over that of the [plaintiffs] by awarding punitive damages. The separate provisions of this statute answer both needs.

Id.

I disagree with Defendant's argument that the Klinger court expressed reluctance to assess attorneys' fees where substantial punitive damages had already been awarded. Def.'s Br. at 3. To the contrary, the Klinger court cautioned that it would be improper to decline to award attorneys' fees on the grounds that a punitive damages award already punished the insurer enough. Klinger, 115 F.3d at 236; see also Polselli, 126 F.3d at 538-39. Although the court of appeals upheld the district court's refusal to award attorneys' fees in Klinger, it concluded that the

district court believed that the punitive damages award both punished the insurer and made the plaintiffs whole. <u>Klinger</u>, 115 F.3d at 236. A punitive damages award intended solely to punish the insurer would not accomplish this objective.

I find that the punitive damages award in this case serves only to punish Westchester and does not make Gallatin whole. Indeed, there is no indication that the jury intended any portion of the punitive damages award to compensate Gallatin for its attorneys' fees. In addition, my Opinion and Order reducing the punitive damages award to $4.5 million treats attorneys' fees and punitive damages as separate damage components, and otherwise makes clear that the punitive damages award in this case addresses only the goal of punishment. <u>See</u> Docket No. 233.

Defendant also argues that an attorneys' fees award is unwarranted in this case because Gallatin's counsel represented Gallatin on a contingent fee basis and, therefore, Gallatin was not required to expend any amount on attorneys' fees. Def.'s Br. at 5. This argument is without merit. As set forth above, the purpose of a § 8371 attorneys' fee award is to compensate a plaintiff for having to pay an attorney to get that to which the plaintiff was contractually entitled. This principle applies regardless of whether the plaintiff paid its attorneys throughout the case at an hourly rate, or at the end of the case as part of a contingency fee arrangement. Under both scenarios, the plaintiff is required to pay attorneys' fees that it would not have incurred had the defendant acted appropriately. <u>See</u> <u>Polselli</u>, 126 F.3d at 533-35 (upholding award of attorneys' fees under § 8371 in contingent-fee case and

holding that, in some circumstances, attorneys' fees may even be enhanced in contingent-fee situations under Pennsylvania law); Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co., 399 F.3d 224, 236 (3d Cir. 2005) ("Section 8371's attorney fees and costs provisions vindicate the statute's policy by enabling plaintiffs . . . to bring § 8371 actions alleging bad faith delays to secure counsel on a contingency fee."). Working on contingency is not the equivalent of working pro bono.

Because punitive damages were awarded in this case solely to punish Defendant, I conclude that a separate award of attorneys' fees and costs under § 8371 is appropriate to make Gallatin whole. See Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co., No. Civ. A. 00-CV-5481, 2002 WL 922144, at *1 (E.D. Pa. Apr. 11, 2002), aff'd, 66 F. App'x 398 (3d Cir. 2003); Polselli v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 91-1365, 1998 WL 855494, at *1 (E.D. Pa. Dec. 10, 1998). As indicated above, the parties have stipulated that, if I award attorneys' fees and costs, the amount of such fees and costs should be $1.1 million. Accordingly, attorneys' fees and costs are awarded to Gallatin in the amount of $1.1 million.

**B. Interest**

Gallatin also seeks an award of interest under § 8371(1). Section 8371(1) permits the trial court to award a successful insured "interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%." 42 Pa. Cons. Stat. Ann. § 8371(1). As with attorneys' fees, whether to award interest is within the discretion of the trial court. Also like attorneys' fees, the purpose of an interest award is to make the plaintiff whole. See

Polselli, 126 F.3d at 531 ("<u>Along with interest</u>, costs and delay damages, the object of an attorney fee award is to make the successful plaintiff completely whole." (emphasis added)).

I agree with Gallatin that an award of interest is necessary to make it whole. Among other things, Gallatin was denied its money (and the opportunity to accrue interest thereon) for over three years. Conversely, Westchester was able to use that money for its own benefit during that same time without, until now, paying any interest to Gallatin.

As set forth above, the statute provides that interest should accrue from "the date the claim was made by the insured." 42 Pa. Cons. Stat. Ann. § 8371(1). Gallatin argues that the appropriate date is April 15, 2002, the date it submitted its notice of loss. Pl.'s Br. at 19. An "insurer's duties and/or obligations under a policy are triggered once an insurer is placed on notice of a claim against its insured," and the court should begin calculating interest as of such date. <u>Colyer v. Nat'l Grange Mut. Ins. Co.</u>, 62 Pa. D. & C.4th 565, 575 (Pa. Ct. Com. Pl. 2001). I agree that Westchester was placed on notice of Gallatin's claim at least as early as April 15, 2002 and, therefore, that April 15, 2002, is the date of the claim for purposes of calculating the interest due.

Although Westchester admits that Gallatin forwarded its notice of loss on April 15, 2002, it argues that Gallatin is not entitled to interest from that date because a genuine issue existed as to the amount of the claim, and no amount became due and certain until the time of the verdict. Def.'s Opp. (Docket No. 224) ¶ 15; Def.'s Br.

at 19-20.  This argument is without merit.  As set forth above, I find that an award of interest is appropriate under the facts and circumstances of this case.  Simply because Westchester disputed Gallatin's claim, or the jury awarded Gallatin a lesser amount, does not mean that Gallatin should not be entitled to an award of interest on the amount of its claim that the jury ultimately did award.  Cf. Howmet Aluminum Corp. v. Hartford Accident & Indem. Co., 665 F.2d 476, 479 (3d Cir. 1981) (noting, in the context of a common-law prejudgment interest claim, that "[e]ven a bona fide dispute as to the amount due on the contract is no bar to the accruing of interest"); Polselli v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 91-1365, 1993 WL 137476, at **4-5 (E.D. Pa. Apr. 30, 1993) (same), rev'd on other grounds, 23 F.3d 747 (3d Cir. 1994).

Section 8371 provides that interest should be calculated at "the prime rate of interest plus 3%." 42 Pa. Cons. Stat. Ann. § 8371(1).  Section 8371 is silent with respect to how specifically to calculate "prime rate of interest plus 3%."  Gallatin argues, however, that Pennsylvania Rule of Civil Procedure 238 (which speaks to calculation of delay damages) provides a helpful model.  Under Rule 238, delay damages are "calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded . . . ." Pa. R. Civ. P. 238.  The addendum to the explanatory comment for Rule 238 further provides the prime rate as set forth in the first edition of the Wall Street Journal for each of the years applicable in the instant case.  Using these figures, the appropriate rates are as follows:

9

| Date of Publication | Prime Rate | Prime Rate + 3% |
|---|---|---|
| January 2, 2002 | 4.75% | 7.75% |
| January 2, 2003 | 4.25% | 7.25% |
| January 2, 2004 | 4.00% | 7.00% |
| January 2, 2005 | 5.25% | 8.25% |
| January 2, 2006 | 7.25% | 10.25% |

Applying these rates results in the following interest due on the $1,325,000 compensatory damages award:

### 2002

Daily Interest at 7.75%: $281.34 (($1,325,000 x .0775)/365 days)

Interest for April 15, 2002 - December 31, 2002: **$73,428.60** ($281.34 x 261 days)

### 2003

Annual Interest at 7.25%: **$96,062.50** ($1,325,000 x .0725)

### 2004

Annual Interest at 7.00%: **$92,750** ($1,325,000 x .0700)

### 2005

Annual Interest at 8.25%: **$109,312.50** ($1,325,000 x .0825)[3]

### 2006

Daily Interest at 10.25%: $372.09 (($1,325,000 x .1025)/365

---

[3] In its Motion, Gallatin requests $112,625 in interest for the year 2005. Gallatin, however, mistakenly used an interest rate of 8.5% in reaching this figure. See Pl.'s Motion (Docket No. 214) ¶ 20 (multiplying $1,325,000 by .0850). Applying the appropriate 8.25% rate results in $109,312.50 in interest.

days)

        Interest for January 1, 2006 - March 27, 2006:
**$31,999.74** ($372.09 x 86 days)

Total Interest Through March 27, 2006: **$403,553.34**

I find that Gallatin's proposed method of interest calculation is reasonable and within the meaning of section 8371(1). Moreover, Defendant has not offered an alternative calculation method. Accordingly, I find that Gallatin is entitled to an award of interest from April 12, 2002 through and including March 27, 2006, at the prime rate plus 3%, for a total of $403,553.34.

### III. <u>CONCLUSION</u>

For all the reasons set forth above, I find that an award of attorney's fees, costs, and interest under 42 Pa. Cons. Stat. Ann. § 8371 is appropriate in this case. In accordance with the Stipulation filed by the parties on May 4, 2006 (Docket No. 259), Gallatin is awarded attorneys' fees and costs in the amount of $1.1 million. Gallatin also is awarded $403,553.34 in interest. An appropriate Order follows.

<u>\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALLATIN FUELS, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  02-2116 |
| | ) |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

And now, this **2ⁿᵈ** day of June, 2006, after careful consideration of Plaintiff's Motion for Fees and Interest Pursuant to 42 Pa. C.S.A. § 8371 and Order of Court Filed January 13, 2006 (Docket No. 214) and all of the related submissions by the parties, it is hereby ordered that said Motion (Docket No. 214) is granted in part as follows:

    A.  Plaintiff, Gallatin Fuels, Inc., is entitled to have the verdict molded to allow a recovery of attorneys' fees, costs, and interest.

    B.  In accordance with the Stipulation of the parties filed on May 4, 2006 (Docket No. 259), Plaintiff is awarded $1,100,000 for attorneys' fees and costs.

    C.  Plaintiff is awarded $403,553.34 in interest.

To the extent Plaintiff's Motion requests an award of fees, costs and/or interest in amounts different than the amounts set forth above, the Motion is denied.

BY THE COURT:

_____
Donetta W. Ambrose,
Chief U. S. District Judge