IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALLATIN FUELS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No. 02-2116 |
| | ) |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

On March 28, 2006, I entered judgment in the above-captioned case in favor of Plaintiff in the amount of $1.325 million on Plaintiff's breach of contract claim and $4.5 million in the form of punitive damages on Plaintiff's bad faith claim. (Docket No. 233). On June 2, 2006, I molded the verdict to $7,328,553.34, to reflect the costs, attorneys' fees, and interest I awarded to Plaintiff on that same date. (Docket No. 265).

Pending is Defendant Westchester Fire Insurance Company's Motion for Stay of Execution of Judgment Pending Appeal (Docket No. 268) and Brief in Support (Docket No. 269). Plaintiff has filed a Brief in Opposition to Defendant's Motion. (Docket No. 270). For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

The proper vehicle for a stay of execution of judgment pending appeal is Rule

62(d) of the Federal Rules of Civil Procedure. Rule 62(d) provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time for filing a notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed. R. Civ. P. 62(d). Defendant indicates it plans to file an appeal in this action. Defendant seeks a Rule 62(d) stay of execution pending resolution of that appeal.

Plaintiff does not oppose the entry of an order staying execution pending appeal pursuant to Rule 62(d), on the condition that Defendant posts adequate security. Defendant seeks a stay of execution without entry of a new bond. Defendant contends that the $5,825,000 bond it previously posted in support of a stay pending resolution of its post-judgment motions is sufficient. See Docket No. 253. That amount, however, does not reflect the judgment as subsequently molded to account for attorneys' fees, costs, and interest.

I disagree with Defendant that the current bond amount is sufficient and find that, under the circumstances of this case, it would be unfair to Plaintiff to grant a stay of execution without requiring Defendant to post a bond in the full amount of the judgment. See, e.g., Ryan v. Asbestos Workers Union Local 42 Pension Fund, No. C.A. 97-604 GMS, 2002 WL 87470, at *1 (D. Del. Jan. 22) (full supersedeas bond requirement should be reduced or waived only in "extraordinary circumstances"), aff'd in part, vacated in part on other grounds, 27 F. App'x 100 (3d Cir. 2002). Therefore, Defendant's Motion for Stay is granted on the condition that Defendant

post a substitute bond in the amount of $7,328,553.34 (the full amount of the judgment). Alternatively, Defendant may supplement its current bond by filing an additional bond in the amount of $1,503,553.34, so that the bonds together total the full amount of the judgment.[1] The stay shall become effective when the supersedeas bond is approved by the Court. See Fed. R. Civ. P. 62(d). Defendant's Motion is denied in all other respects.

*******************************

---

[1] Plaintiff argues that the language of the current bond is insufficient to commit the surety to pay the amounts the principal becomes liable to pay in the litigation up to the amount of the bond. I disagree.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALLATIN FUELS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 02-2116 |
| | ) |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **13th** day of June, 2006, after careful consideration and for the reasons set forth in the accompanying Opinion, Defendant's Motion for Stay of Execution of Judgment Pending Appeal (Docket No. 268) is granted in part and denied in part. To the extent the Motion seeks a stay of execution of judgment pursuant to Federal Rule of Civil Procedure 62(d) pending the disposition of Defendant's appeal, the Motion is granted on the condition that Defendant (1) post a substitute supersedeas bond in the amount of $7,328,553.34, or (2) supplement its present bond by posting a supersedeas bond in the amount of $1,503,553.34, so that the total amount of all bonds posted equals $7,328,553.34, the full amount of the

4

judgment.  The stay shall become effective when the supersedeas bond is approved by the Court.  Defendant's Motion is denied in all other respects.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge