IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GALLATIN FUELS, INC., )
)
Plaintiff, )
)
-vs- )
Civil Action No. 02-2116
)
WESTCHESTER FIRE INSURANCE COMPANY, )
)
Defendant. )

AMBROSE, Chief District Judge.

OPINION and ORDER OF COURT

SYNOPSIS

Before the Court are various Motions by both Plaintiff and Defendant to amend this Court's June 2, 2004 Order awarding Plaintiff attorneys' fees, costs and prejudgment interest in light of the decision of the Third Circuit, dated August 9, 2007. For the reasons set forth below, I grant in part Defendant's Motion to Amend the Judgment to Vacate the Award of Prejudgment Interest and grant in part and deny in part Plaintiff's Motion seeking attorneys' fees and costs in connection with its Appeal of the underlying liability judgment.

I. MOTIONS BEFORE THE COURT

A. BACKGROUND

Familiarity with the facts underlying the action are assumed. A jury trial was

held in February 2006 on Plaintiff's claims for breach of contract and bad faith. The jury awarded $1.325 million in compensatory damages on the breach of contract claim and $20 million as punitive damages under 42 Pa. C.S.A. § 8371 for Defendant's bad faith. By opinion and order dated March 28, 2006, I reduced the jury's punitive damages award to $4.5 million, and entered judgment in the total amount of $5.825 million (the "Judgment"). By order dated June 2, 2006, I denied Defendant's motion pursuant to FRCP 50 for judgment as a matter of law. By separate order, I also granted Plaintiff's Motion for Attorneys' Fees, Costs and Prejudgment Interest pursuant to 42 Pa. C.S.A. § 8371, in the amounts of $1.1 million for attorneys fees and costs and $403,553.34 for prejudgment interest (the "Award"). The Judgment was never amended or conformed to account for the Award.

Both parties appealed the Judgment to the Third Circuit. It is undisputed that Defendant did not appeal the Award. By Opinion dated August 9, 2007, the Third Circuit affirmed that part of the Judgment finding and awarding damages for bad faith, reversed the jury's finding for Plaintiff on the breach of contract claim, and vacated the award of compensatory damages for breach of contract. Specifically, the Third Circuit held that the insurance policy had been cancelled at the time of loss, and thus Plaintiff had no right to recover under the policy for its loss. The Third Circuit also ordered that the parties shall bear their own costs on appeal. On September 12, 2007, the Third Circuit denied the parties' petitions for Rehearing. It issued its "Certified Copy of the Judgment together with Copy of the Opinion" on September 21, 2007, in lieu of a mandate.

B. DEFENDANT'S MOTION TO ALTER AND/OR AMEND THE AWARD.

Defendant moves pursuant to FRCP 59(e) to alter and/or amend the Award to vacate the award of prejudgment interest, attorneys' fees and costs. According to Defendant, such an award is no longer warranted in light of the Third Circuit's reversal of the breach of contract claim and vacating of the compensatory damages award. Plaintiff opposes the Motion on the grounds that the instant Motion is subsumed within the issues that were or could have been appealed, and thus is now beyond the jurisdiction of this Court. In addition, Plaintiff argues that the Motion is contrary to the provisions of 42 Pa. C.S.A. § 8371.[1]

"Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Since this motion was made more than a year after entry of the Award, it is untimely pursuant to Rule 59(e).

However, a court may convert a motion brought pursuant to Rule 59(e) into a motion brought pursuant to Rule 60(b). Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (court will consider untimely motion to amend under Rule 59(e) as timely motion under Rule 60(b)); Mash v. Township of Haverford Dep't of Codes Enforcement, 2007 WL 2692333, at *4 (E.D. Pa. Sept. 11, 2007)("The Third Circuit has stated that the purpose of the motion for reconsideration, not the actual Rule of Civil Procedure cited in the motion, should determine its character."). Rule 60(b) provides, in relevant part: "On motion and upon such terms as are just, the court

[1] Plaintiff's decision to rename Defendant's Motion as a "motion to overrule the decision of the Third Circuit Court" does not aid Plaintiff's argument.

may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:. . .(5) the judgment has been satisfied, released or discharged, *or a prior judgment upon which it is based has been reversed or otherwise vacated*, or it is no longer equitable that the judgment should have prospective application. . . ." Fed. R. Civ. P. 60(b) (emphasis added). A motion brought pursuant to Rule 60(b)(5) shall be made "within a reasonable time." Id. The present motion was filed within less than two weeks of the Third Circuit's mandate. Accordingly, I find that the motion is timely pursuant to Rule 60(b)(5).

Plaintiff argues that Defendant could and should have raised the issue of attorneys' fees, costs and prejudgment interest with the Third Circuit, and that by failing to do so, it has waived its right to challenge the Award by motion. Plaintiff is incorrect. The Third Circuit considers appeals of judgments on the merits as distinct from awards of attorneys' fees. See Gleason v. Norwest Mortgage, Inc., 243 F.3d 130, 137 (3d Cir. 2001). Moreover, a district court may entertain a Rule 60(b) motion even where the appellate mandate did not so provide. Standard Oil Co. of Ca. v. United States, 429 U.S. 17, 19 (1976) (relying on district court to screen out frivolous Rule 60(b) motions). Here, there is no dispute, indeed the Third Circuit expressly recognized in its Opinion, that Defendant did not appeal the Award. Since the Third Circuit did not consider the issue of attorneys' fees and prejudgment interest, and its mandate did not expressly bar consideration of those issues, this Court is free to consider Defendant's Motion to Amend the Award under Rule 60(b)(5).

The Ninth Circuit addressed a comparable scenario in California Med. Ass'n v. Shalala, 207 F.3d 575 (9th Cir. 2000). In that case, the district court entered judgment in favor of the plaintiff which had sued for higher Medicare reimbursements, and then granted a subsequent § 1988 motion for attorneys' fees. 207 F.3d at 576. Defendant paid the fee award, but appealed the district court's merits decision. Id. After the Ninth Circuit reversed the merits decision, the defendant sought a return of the fees, but was rebuffed. Id. She then moved for relief under FRCP 60(b)(5) on the grounds that the fee award was no longer valid because it was based on a judgment that had been vacated. Id.

The Ninth Circuit rejected the argument that the defendant was required to appeal both the underlying merit judgment and the fee award. "A separate appeal of the fee award would have been a meaningless formality, as [defendant] had no quarrel with the award beyond her contention that she should have prevailed on the merits, and thus owed no fees at all. . . .[T]his is precisely the scenario under which a Rule 60(b)(5) motion rather than a separate appeal of the fee award is appropriate." Id. at 578; see also, Flowers, 286 F.3d at 801 (following Seventh and Ninth circuits to hold that "a party must file a separate appeal only when it challenges some aspect of the award itself."); 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3915.6, at 344 (2d ed. 1992) ("If no appeal was taken from the award, some means must be found to avoid the unseemly spectacle of enforcing a fee award based on a judgment that has been reversed; if the court and parties cannot cooperate in a more efficient procedure,

relief should be available under Civil Rule 60(b)(5).") The Ninth Circuit ultimately remanded to the district court for an order vacating the fee award and ordering the plaintiff to make restitution. Id. at 579.

Courts have used their discretion under Rule 60(b)(5) to reverse awards of statutory attorneys' fees where the underlying liability judgment has been reversed or vacated. See, e.g., Flowers v. Southern Reg. Physician Servs., Inc., 286 F.3d 798 (5th Cir. 2002) (affirming grant of Rule 60(b)(5) motion vacating award of attorneys' fees under ADA where Fifth Circuit reversed liability damages award and remanded for entry of nominal damages); California Med. Ass'n v. Shalala, 207 F.3d 575 (9th Cir. 2000) (reversing denial of Rule 60(b)(5) motion to set aside attorneys' fees award under § 1988, where Ninth Circuit had reversed and vacated merits judgment); Maul v. Constan, 23 F.3d 143 (7th Cir. 1994) (reversing denial of Rule 60(b)(5) motion to set aside attorneys' fees after Seventh Circuit reversed award of compensatory damages). As the Ninth Circuit explained in California Med. Ass'n, "[s]ince the fee award is based on the merits judgment, reversal of the merits removes the underpinnings of the fee award. Were we to accept the [Plaintiff's] argument that Rule 60(b)(5) is inapplicable here, we would be hard pressed to figure out where it ever *would* apply." 207 F.3d at 578-79 (emphasis in original).

In granting the Award, I explained that the purpose of an award of attorneys' fees, costs and prejudgment interest is "to make the plaintiff whole." Def. Opp. Br., Ex. A at 7. Specifically with respect to the entitlement to attorneys' fees, I recognized that in bad faith actions, "the plaintiff is required to pay attorneys' fees

that it would not have incurred had the defendant acted appropriately." (Id. at 6.) Indeed, the Third Circuit has recognized the role that an award of attorneys' fees plays in enabling plaintiffs to bring bad faith actions under § 8371. Willow Inn, Inc. v. Public Service Mutual Ins. Co., 399 F.3d 224, 236 (3d Cir. 2005).

The Third Circuit herein upheld the jury's finding that Defendant acted in bad faith. The Pennsylvania legislature, in enacting section 8371, evinced a policy of encouraging plaintiffs to bring meritorious bad faith actions against insurers. Accordingly, because the Third Circuit upheld the jury's finding of bad faith on the part of the Defendant, and because an award of attorneys' fees is incumbent upon a finding of bad faith and important to encourage litigants to pursue meritorious claims of bad faith under § 8371, I do not believe that the Third Circuit's decision in any way warrants a reversal of my award of attorneys' fees and costs.

I reach the opposite conclusion with respect to my award of prejudgment interest. Section 8371 permits an award of prejudgment interest "on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%." 42 Pa. C.S.A. § 8371(1). In granting an award of prejudgment interest, I explained that "Gallatin was denied its money (and the opportunity to accrue interest thereon) for over three years. Conversely, Westchester was able to use that money for its own benefit during that same time without, until now, paying any interest to Gallatin." Def. Opp. Br., Ex. A at 8. In this context, I awarded prejudgment interest at the statutory rate on the amount of compensatory damages awarded by the jury on Plaintiff's breach of contract claim.

I remind the parties that an award of prejudgment interest, like an award of attorneys' fees and costs, is not a statutory entitlement, and that the decision to award prejudgment interest is wholly within the discretion of the trial court. See Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 534 (3d Cir. 1997). The Third Circuit held that the insurance policy had been canceled before the loss, and accordingly, Plaintiff did not have a right to file a claim under the policy. The Third Circuit vacated the Judgment in so far as it awarded compensatory damages to Plaintiff on its breach of contract claim.

In so holding, the Third Circuit removed the foundation of my award of prejudgment interest. While I have not found any case law expressly addressing awards of prejudgment interest in the context of Rule 60(b)(5) motions, I believe that this situation is analogous to the attorneys' fees cases cited above. Since Plaintiff was not entitled to recover under the insurance policy, Defendant *a fortiori* did not deny Plaintiff the right to use that money for its own benefit. Indeed, the money rightfully belonged to Defendant. To award prejudgment interest here would be to make Plaintiff more than whole - it would constitute a further penalty on Defendant. I believe, and the Third Circuit agreed, that the award of punitive damages adequately punished Defendant for its bad faith. Accordingly, I reverse my prior award of prejudgment interest in light of the Third Circuit's holding reversing the finding of breach of contract and vacating the award of compensatory damages thereunder.

C. PLAINTIFF'S MOTION TO SUPPLEMENT FEES AND COST AWARD, AND FOR CONFORMED JUDGMENT [DOCKET NO. [293].

By its Motion, Plaintiff seeks to recover attorneys' fees and costs incurred from May 4, 2006 through June 7, 2007, in the amount of $218,556.52. The parties have stipulated that this amount is neither excessive nor unreasonable. This amount includes, in large part, fees and costs for appellate work and for the present Motions.

The Third Circuit provided that the parties on appeal were to bear their own costs. That decision properly was within the province of the Third Circuit. F.R.A.P. 39(a)(4). Accordingly, Plaintiff is not entitled to supplement the Award with respect to costs.

In accordance with section 8371 and my prior opinion on attorneys' fees, Plaintiff is entitled to additional attorneys' fees in connection with its opposition to Defendant's appeal of the bad faith verdict and the award of punitive damages. The submission by Plaintiff, however, includes fees for its own appeal of the Judgment and fees incurred in opposing Defendant's appeal of the breach of contract claim, which resulted in a reversal in Defendant's favor. Plaintiff also represents that it intends to seek further fees incurred in connection with its unavailing petition for rehearing en banc and fees incurred in connection with this Motion.

I find that Plaintiff's Motion overreaches its entitlement to attorneys' fees under section 8371. Plaintiff is not entitled to recover attorneys' fees in connection with its own Appeal of the Judgment, or in opposition to Defendant's appeal of the breach of contract claim. Nor is Plaintiff entitled to recover attorney's fees expended in connection with the instant Motion. Plaintiff is directed to submit

within 15 days of this Order a revised motion for attorneys' fees limited to those incurred in connection with its opposition to Defendant's appeal of the bad faith verdict and award of punitive damages, and in connection with the petition for a rehearing en banc with respect to those discrete issues.

D. DEFENDANT'S MOTION TO STAY EXECUTION OF THE JUDGMENT.

This Motion is moot in light of this Court's Order, dated October 23, 2007, enjoining Plaintiff from taking steps to execute judgment until this Court has ruled on the present Motions. While this Opinion and the following Order dispose of much of the present Motions, the injunction remains pending submission by Plaintiff of a revised motion for attorneys' fees in accordance with this Opinion, a determination by the Court thereon, and the issuance of a conformed judgment.

***************************

ORDER OF THE COURT

AND NOW, this **31st** day of October, 2007, upon consideration of Plaintiff Gallatin Fuels, Inc.'s Motion to Supplement Fees and Cost Award, and For Conformed Judgment [Docket No. 293], and Defendant Westchester Fire Insurance Company's Motion To Alter And/Or Amend The Judgment Pursuant To F.R.C.P. 59(e) And To Stay Execution Of The Judgment Pursuant To F.R.C.P. 62(b) [Docket No. 292], and for the reasons set forth in the accompanying Opinion, it is ORDERED that:

(1) Plaintiff's Motion to supplement this Court's award of attorneys' fees, costs and prejudgment interest [Docket No. 265] is granted with respect to those

attorneys' fees incurred in connection with Plaintiff's opposition to Defendant's appeal of the verdict and judgment with respect to bad faith and punitive damages, and in connection with the petition for rehearing en banc with respect to those discrete issues; denied with respect to all other attorneys' fees incurred after May 4, 2006; and denied with respect to costs incurred after May 4, 2006; and it is further ORDERED that:

(2) Plaintiff shall submit a revised motion for attorneys' fees in accordance with (1) above within fifteen (15) days of the date of this Order; and it is also ORDERED that:

(3) Defendant's Motion to Amend the Award [Docket No. 265] is granted to the extent of vacating the award of prejudgment interest in the amount of $403,553.34; and in addition it is ORDERED that:

(4) Defendant's Motion to Stay Execution of the Judgment [Docket No. 237] is denied as moot.

A Conformed Judgment will be issued upon resolution of Plaintiff's revised motion for attorneys' fees.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge